# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PIAOWAKA C. WINDWOLF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-43 CAS |
| | ) | |
| U.S. TITLE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

**The Complaint**

Plaintiff has filed five lawsuits in this Court within the past six months relating to a foreclosure action that took place on a piece of real property apparently owned by plaintiff in Franklin County, Missouri.[1] In each case, plaintiff has posited a new and novel idea for attacking the foreclosure process.

In the instant lawsuit, plaintiff asserts that the U.S. Title Company and Linda Midyett, a notary, acted in a conspiracy to place a fraudulent power of attorney document, for a person by the name of Juvilee M. Brinley, in the mortgage and title documents used in the foreclosure action. Plaintiff asserts that "alteration of the instrument" should void the foreclosure action.

**Discussion**

At the outset, the Court notes that plaintiff has failed to state the grounds for filing the instant action in federal court. The complaint does not refer to any federal law or treaty or to any provision of the United States Constitution. Rather, plaintiff's only claims against defendants appear to be for fraud related to "forgery" and violations of Missouri notary regulations. Thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.

Liberally construing the complaint as being brought under 28 U.S.C. § 1332, the Court will dismiss the action, without prejudice, for lack of subject matter jurisdiction. The amount in controversy is unspecified, so there is no allegation that the amount in controversy exceeds $75,000. In addition, while the complaint suggests that plaintiff is a Missouri citizen, at least as of the time of filing, there is no allegation as to the citizenship of the defendants, who are listed at Missouri

---

[1] Windwolf v. Citigroup, Inc., 4:12-CV-2156 JAR; Windwolf v. Freddie Max, 4:12-CV-2157 JAR; Windwolf v. Hillsboro Title Company, Inc., 4:13-CV-41 CEJ; Windwolf v. Transcontinental Title Company, 4:12-CV-42 CDP; and Windwolf v. U.S. Title Company, 4:13-CV-43 CAS.

addresses. As a result, complete diversity of citizenship under 28 U.S.C. § 1332 has not been pleaded or established.[2] See 28 U.S.C. § 1332. The action must, therefore, be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because this Court lacks jurisdiction over plaintiff's complaint. See Fed. R. Civ. P. 12(h)(3).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [Doc. 4]

An appropriate Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of April, 2013.

---

[2]It appears that plaintiff moved to Arkansas after she filed this action. Assuming that plaintiff became a citizen of Arkansas after she filed this action, in diversity cases the "time-of-filing" rule provides that diversity jurisdiction is not present if the parties were not diverse from the outset, even if the plaintiff was eventually able to obtain complete diversity during the pendency of the action. See Grupo Dataflux v. Atlas Global Group LP, 541 U.S. 567 (2004). Further, as stated above, diversity jurisdiction is not established because the complaint contains no allegations concerning the citizenship of the defendants.